# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTIONE MAURICE HATCHETT,<br><br>                              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>                              Defendant. | Case No. 18-CV-2019-JPS<br><br>**ORDER** |

On February 22, 2019, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Docket #10). In her motion, she explains that on January 16, 2018, an administrative law judge ("ALJ") issued a partially-favorable decision in Plaintiff's application for benefits. *See* (Docket #11-1 at 5). Plaintiff appealed. On October 16, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner of Social Security (the "Commissioner"). *Id.* at 27. Plaintiff filed a complaint in this Court seeking review of that decision, and his complaint was received on December 21, 2018. (Docket #1).[1] Defendant argues that Plaintiff filed his complaint after his deadline to do so, and it therefore must be dismissed.

Judicial review of a Commissioner's final decision must be sought "within sixty days after the mailing to him of notice of such decision[]." 42 U.S.C. § 405(g). The Commissioner, through regulation, has interpreted the

---

[1]Plaintiff's complaint is stamped December 21, 2018, indicating that it was received by mail that day. (Docket #1 at 1). The date appearing next to Plaintiff's signature on the complaint is December 20, 2018. *Id.* at 3.

60-day statute of limitations to begin "5 days after the date of [the notice of denial of request for review], unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210. Because the Appeals Council's notice of denial of Plaintiff's request for review was dated October 16, 2018, the deadline for him to file his complaint in this Court, accounting for the 5-day grace period, was December 20, 2018. He filed his complaint one day late.

Because Plaintiff's complaint was tardy by such a small amount of time, and taking into account his *pro se* status, the Court will forgive the lateness and deny Defendant's motion to dismiss. *See Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986) (equitable tolling can apply to review of Social Security decisions). Because Defendant did not make any separate arguments in support of her alternative request for summary judgment, the Court will deny that portion of the motion as well. Finally, the Court will deny as moot Plaintiff's motion for an extension of time to respond to Defendant's motion to dismiss. (Docket #12).

The parties shall confer to prepare a jointly-proposed briefing schedule for the remainder of the litigation in this matter.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss or, in the alternative, for summary judgment (Docket #10) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (Docket #12) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge